MURDOCK, Justice
(concurring specially).
I concur in denying the petition for a writ of certiorari filed by Travis Aderhold. I do not wish, however, to be understood as necessarily agreeing with the analysis in the opinion of the Court of Civil Appeals in this case. Ex parte Massey Chevrolet, Inc., 23 So.3d 33 (Ala.Civ.App.2009). The Court of Civil Appeals held that Ader-hold’s employer, Massey Chevrolet, Inc., was liable under the Alabama Workers’ Compensation Act for paying for procedures and treatments administered to Ad-erhold by Dr. Charles Aprill to the extent that those procedures and treatments were authorized by Dr. Chris Nichols. Dr. Nichols, however, was not Aderhold’s authorized treating physician. Consequently, the Court of Civil Appeals has gone further than previous decisions of that court and of this Court in its holding in this case.
In reaching its decision, the Court of Civil Appeals correctly quoted Overnite Transportation Co. v. McDuffie, 933 So.2d 1092 (Ala.Civ.App.2005), as follows:
“ ‘[T]he employer is responsible for paying for the treatment choice made by the authorized treating physician so long as that choice falls within the parameters of what is “reasonably necessary” to treat the employee. See Ex parte Southeast Alabama Med. Ctr., 835 So.2d 1042, 1046 n. 4 (Ala.Civ.App.2002). This principle has been applied repeatedly in cases in which the “treatment” recommended by the authorized physician is a treatment to be administered by a second physician.’ ”
Ex parte Massey Chevrolet, Inc., 23 So.3d at 36 (quoting Overnite Transportation, 933 So.2d at 1096 (emphasis added)). The Court of Civil Appeals also noted the holding in Ex parte Alabama Power Co., 863 So.2d 1099, 1102 (Ala.Civ.App.2003), that “ ‘ “the [authorized treating ] physician is empowered under the [Workers’ Compensation] Act to treat the employee for so long as is reasonably necessary and to refer the employee to other medical providers for reasonably necessary treatment.” ’ ” 23 So.3d at 37.
Dr. Nichols was not Aderhold’s “authorized treating physician” under the Act; Dr. Brendt Peterson was Aderhold’s authorized treating physician. I do not wish to be understood, therefore, as having concluded for purposes of this case that Dr. Nichols had the authority to bind Massey Chevrolet to pay for treatment by another physician. The authority upon which the Court of Civil Appeals bases its conclusion, including those authorities quoted above, would apply to Dr. Aprill only if he had been authorized by Dr. Peterson to treat Aderhold.
In Ovemite Transportation, the employer authorized Dr. John Hackman to serve as the employee’s treating physician. Dr. Hackman, in turn, referred the employee to Dr. Edwin Kelsey for pain management. The Court of Civil Appeals held as follows:
*45 “Consistent with this court’s holding in Genpak [Corp. v. Gibson, 584 So.2d 312 (Ala.Civ.App.1988),] and the other cases cited above, because the treating physician prescribed treatment by Dr. Kelsey, and because there is no evidence indicating that that treatment did not fall within the parameters of what was ‘reasonably necessary’ as contemplated by § 25-5-77(a), [Ala.Code 1975,] that treatment was authorized under the Workers’ Compensation Act.[2]
933 So.2d at 1097 (emphasis added).
Massey Chevrolet has not sought certio-rari review of the Court of Civil Appeals’ decision. I concur in the decision to deny the petition for certiorari review filed by Aderhold, the employee.

"2This case does not present the arguably different question of whether McDuffie would be entitled to reimbursement of the cost of being treated by a physician to whom Dr. Kelsey, in turn, might have referred him."